Filed 11/4/20  P. v. Quiroz CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B302350 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA150964) |
| v. | |
| JAVIER QUIROZ, Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Olivia Rosales, Judge.  Affirmed as modified.

Adrian Dresel-Velasquez, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General,  Susan Sullivan Pithey, Assistant Attorney General, Marc A. Kohm and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Javier Quiroz, Jr. appeals from the sentence following his conviction for driving a vehicle without consent. He contends that a one-year prior prison term enhancement imposed pursuant to Penal Code section 667.5, subdivision (b)[1] must be stricken in light of the passage of Senate Bill No. 136 (2019–2020 Reg. Sess.) (S.B. 136). He also requests correction of errors in the abstract of judgment. Respondent agrees with both contentions. Therefore, we strike the one-year enhancement and modify the judgment accordingly. We further direct the trial court to correct the abstract of judgment. We otherwise affirm the judgment.

## PROCEDURAL HISTORY[2]

On July 9, 2019, the Los Angeles County District Attorney (the People) filed an information charging defendant with one felony count of driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a); count one) and one felony count of receiving a stolen vehicle (§ 496d; count two). The information further alleged defendant suffered two prior serious or violent felony convictions (§§ 667, subds. (b)-(j), 1170.12), served two prior prison terms (§ 667.5, subd. (b)), and suffered a prior conviction for grand theft auto (§ 666.5). Prior to trial, the court granted the People's motion to dismiss count two.

On September 10, 2019, a jury convicted defendant of count one. Following a bifurcated court trial on the prior conviction allegations, the court found one of the prior strike allegations true. The court further found true the prior grand theft auto

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

[2]We omit the factual background as it is irrelevant to the issues presented on appeal.

conviction under section 666.5 and the two prior prison terms under section 667.5.

The court sentenced defendant to a total of seven years in state prison, consisting of the mid-term of three years on count one, doubled pursuant to sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (i), plus one year for one of the prior prison terms pursuant to section 667.5, subdivision (b). The court struck the second prior prison term allegation. The court also stayed the imposition of all fines and fees, finding that defendant did not have the ability to pay them.

Defendant timely appealed.

## DISCUSSION

### I. One-Year Enhancement

Effective January 1, 2020, S.B. 136 amended section 667.5, subdivision (b), such that the one-year enhancement applies only if a defendant's prior prison term was served for a sexually violent offense. (*People v. Winn* (2020) 44 Cal.App.5th 859, 872; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) Because defendant did not serve either of his prior prison terms for a sexually violent offense, and because his conviction is not final, defendant contends the one-year enhancement must be stricken from his sentence. (See *People v. Winn, supra,* 44 Cal.App.5th at p. 872 [S.B. 136 applies to non-final judgments]; *People v. Brown* (2012) 54 Cal.4th 314, 323 ["When the Legislature has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date."].)

Respondent agrees, as do we, that S.B. 136 applies to this

3

case.  The parties further agree that remand for resentencing is unnecessary, as it would be impossible for the trial court to impose a seven-year term upon remand, nor could the court sentence defendant to any term greater than the seven years defendant originally received.  We therefore strike the one-year prior prison term imposed under section 667.5, subdivision (b) and modify the sentence to reflect a total term of six years.

## II.    Abstract of Judgment

Defendant also contends that several errors in the abstract of judgment require correction.  Respondent agrees.  We therefore direct the trial court to amend the abstract of judgment to accurately reflect the following:  (1) the imposition of the three-year mid-term sentence on count one pursuant to section 666.5; and (2) the court's stay of the imposition of the restitution fine, court operations assessment, and conviction assessment.

## DISPOSITION

The one-year prior prison term imposed under section 667.5, subdivision (b) is stricken, and the sentence is modified to a term of six years in state prison.  The trial court is directed to amend the abstract of judgment to reflect this modification and to correct the errors discussed herein.  The trial court shall send an amended abstract of judgment to the Department of Corrections.  The judgment is affirmed as modified.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

4

MANELLA, P. J.                              CURREY, J